MARTIN L. SMITH & another *vs.* JOSEPH J. JENNINGS & Trustee.

An assignment of certain rents to accrue for one year, in consideration of the assignee's agreement, provided the rents are paid to him, to pay certain sums on account of the assignor, is valid against the assignor's creditors to the extent of such payments by the assignee, although the payments are made before collecting the rents.

TRUSTEE PROCESS. William Witherell, summoned as trustee, was defaulted. James D. Hovey was admitted as a claimant of the funds in his hands, under a sealed agreement, dated June 30th 1856, by which the principal defendant " doth assign and make payable to said Hovey all the rents which may become due and payable within one year from the date hereof to said Jennings " for certain buildings in Cambridge, and appoints Hovey his attorney to collect said rents for his own use during that time; and Hovey in consideration thereof agrees to pay to George L. Blaney, for and on account of the defendant, " provided the above rents are paid unto said Hovey," the sum of $125 in six months, and a like sum in one year from date, and also to pay to the defendant on demand the sum of $206.

At the trial in the court of common pleas in Middlesex at

December term 1857, Hovey testified that at the time of the execution of this agreement he paid to the defendant the sum of $206, and on the 1st of January 1857 paid to Blaney the sum of $125; that up to the time of the service upon the trustee on the 6th of May 1857 he had paid out $331, and had collected but $259; and that the rents intended to be assigned were from one Cram at $8 a month, beginning on the 5th of June, from one Donovan at $40 a quarter, beginning on the 23d of June, and from Witherell at $50 a quarter, beginning on the 6th of August 1856.

, Upon this evidence, the plaintiff contended that the agreement constituted no valid assignment of the rents until they were collected. But *Sanger*, J., finding as a fact that the assignment was duly executed and delivered on the day of its date for a valuable consideration, and that Hovey's testimony was true, ruled that he had the better right to the funds, and discharged the trustee. The plaintiff alleged exceptions.

*M. G. Cobb*, for the plaintiff.

*J. P. Richardson*, for the claimant.

METCALF, J. The assignment to Hovey was valid for aught that the facts show, and by its terms Hovey is not answerable for any more rent than he had actually collected at the time when this trustee process was served. *Exceptions overruled.*